IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MARK T. BOYLE,

                    Petitioner,

          v.                         CASE NO. 03-3027-SAC

DAVID R. MCKUNE, et al.,

                    Respondents.



**MEMORANDUM AND ORDER**

     Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Having reviewed the record which includes respondents' answer and petitioner's traverse,[1] the court finds this matter is ready for decision.

*Background*

     Petitioner was convicted in Sedgwick County District Court of sexual battery and aggravated criminal sodomy of C.G., aggravated criminal sodomy of L.B., and sexual battery of J.J. The state appellate courts affirmed these convictions in petitioner's direct appeal, and affirmed the denial of petitioner's motion for post-conviction relief under K.S.A. 60-1507.  Petitioner now seeks federal habeas corpus relief under § 2254 on five grounds.  Petitioner claims:  (1) his trial and appellate counsel were constitutionally ineffective, (2) the

_____

     [1]Petitioner also filed a motion for summary judgment (Doc. 26).

evidence supporting his conviction was insufficient to satisfy the Due Process Clause, (3) individual and cumulative trial error denied him a fundamentally fair trial,[2] (4) K.S.A. 21-3506(a) is unconstitutionally vague, and (5) the trial court erred in instructing the jury.

Respondents contend that petitioner failed to properly present many of his claims to the state courts, and that no relief is warranted on any claim entitled to federal habeas corpus review.  The court agrees.

*State Court Record*

The jury returned guilty verdicts against petitioner on five charges, and found petitioner not guilty on eight other charged offenses.  Petitioner raised two issues in his direct appeal.  He first claimed the trial court erred in allowing the opinion testimony of three nurses involved in the examination or review of the victims.   The state appellate courts found Nurses Rosenberg and Schunn were qualified to testify as expert witnesses, and found petitioner waived appellate review of his challenge to Nurse Flowers's testimony by not objecting to this evidence during trial.  State v. Boyle, Appeal No. 80592 (July 8, 1999)(unpublished opinion), *rev. denied* (September 28, 1999).

Second, petitioner alleged the trial court failed to properly

_____

[2]Petitioner alleges three specific instances of error during his trial, namely:  (a) the trial court's admission of nurse opinion testimony, (b) the alleged misconduct of the prosecutor during closing argument, and (c) the trial court's denial of petitioner's motion for a downward departure sentence.

instruct the jury on alternative charges of aggravated criminal sodomy of L.B. (Counts X and XI).   The Kansas Court of Appeals found the jury was properly instructed on alternative means for committing the single act of aggravated criminal sodomy of L.B. as charged in the complaint.   <u>Id</u>.   Although the jury found petitioner guilty on both alternative charges, the journal entry clearly indicated a conviction for a single offense of aggravated criminal sodomy of L.B., and no adverse affect to petitioner's sentence resulted.   <u>Id</u>.

In his post-conviction motion petitioner claimed he did not receive effective assistance of counsel during his trial and his direct appeal.   Petitioner specifically alleged:   (1) trial counsel failed to object and appeal petitioner's conviction on Count VI  where C.G.'s testimony failed to support the theory of conviction in the jury instruction, and appellate counsel failed to appeal the conviction on Count VI and all other counts on the basis of the evidence being insufficient; (2) trial counsel failed to provide an independent medical expert to examine the victims or respond to nurse testimony; (3) trial counsel failed to object to the testimony of Nurse Flowers; (4) trial counsel failed to request a <u>Frye</u>[3] hearing to determine the qualifications of the testifying nurses; (5) trial counsel failed to investigate and summons witnesses who would have testified on material facts; (6) trial counsel erroneously advised petitioner not to testify

_____

[3]<u>Frye v. United States</u>, 293 F. 1013 (D.C.Cir. 1923).

3

which resulted in no knowing and intelligent voluntary waiver by petitioner of that right; and (7) trial counsel's closing argument was weak, contained errors, and failed to contest elements of the criminal charges.

In addition to these claims of ineffective assistance of counsel, petitioner argued the jury's convictions were based on an unreasonable determination of the facts, claimed the trial court erred in instructing the jury regarding the charge of aggravated criminal sodomy of C.G., and challenged the constitutionality of K.S.A. 21-3506.  He further claimed there was trial error in the admission of testimony by the three nurses, in the prosecutor's closing argument, and in the imposition of a presumptive sentence under the state sentencing guidelines.

Following the appointment of counsel and a hearing to determine whether any substantial issues of fact or law existed that required an evidentiary hearing, the state district court summarily dismissed the motion finding petitioner's allegations of error presented issues that should have been raised on direct appeal, or that had been raised and rejected in petitioner's direct appeal.  *See* Kansas Supreme Court Rule 183(c)(a 1507 action cannot ordinarily be used as a substitute for a second appeal, but trial errors affecting constitutional rights can be raised for the first time in a 1507 motion if there is a showing of exceptional circumstances).  The state court further found the files and records conclusively showed that petitioner was

4

entitled to no relief on his claims, and that no evidentiary hearing was required to decide petitioner's motion. *See* Kansas Supreme Court Rule 183(f)(no evidentiary hearing is required on a 1507 motion if the motion and the files and record fo the case conclusively show the prisoner is not entitled to relief).

The Kansas Court of Appeals affirmed the state court's summary denial of relief, finding no exceptional circumstances existed for the purpose of avoiding Supreme Court Rule 183(c). *See* Boyle v. State, Appeal No. 86,730 (October 4, 2005)(unpublished opinion), *rev. denied* (December 17, 2002). It specifically extended this procedural bar to petitioner's constitutional challenge to the state aggravated criminal sodomy statute, K.S.A. 21-3506, a claim petitioner presented outside the context of an ineffective assistance of counsel claim. Id. The state appellate court did not address the district court's summary dismissal of petitioner's specific allegations of ineffective assistance of counsel other than to reject petitioner's attempt to use ineffective assistance of counsel allegations to evade application of Rule 183 in presenting the underlying claims.

*Claims Not Procedurally Barred*

On this record, the court finds petitioner's allegations of constitutional error in the admission of specific testimony by Nurses Rosenberg and Schunn were reviewed on the merits in petitioner's direct appeal, thus federal habeas review is not barred by petitioner's presentation of this claim to the state

courts.  Likewise, federal habeas review is arguably appropriate on the specific allegations of ineffective assistance of counsel that petitioner raised in his 1507 and appeal therefrom, notwithstanding petitioner's clear procedural default in presenting many of the underlying grounds to the state courts. *See* Mitchell v. Gibson, 262 F.3d 1036, 1053 (10th Cir. 2001)(questioning without deciding thorny issue of whether procedural default rule applies to a claim interconnected on merits with a claim subject to procedural bar).  Having reviewed the record, however, the court finds no relief is warranted on either of these two claims.

Under § 2254, habeas corpus relief is available only if petitioner can establish a state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)n(2).  *See also* Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)(state court's summary disposition reviewed as decision on merits).  State court factual findings are presumed to be correct, and petitioner bears the burden of rebutting this presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

*Nurse Testimony*

The Kansas Court of Appeals identified specific testimony of Nurses Rosenberg and Schunn that was properly presented for

appellate review, and found each nurse possessed the necessary skill and experience to testify as experts regarding sexual assault injuries.  The appellate court further found the district court was not required to conduct a <u>Frye</u> hearing because the State had provided a sufficient foundation of each nurse's qualifications.[4]

The admissibility of evidence in a state criminal proceeding is generally left to the province of the state court as a state evidentiary matter.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).  A federal court will intervene only where state evidentiary rulings rendered the trial so fundamentally unfair as to constitute the denial of a federal constitutional right. <u>Moore v. Marr</u>, 254 F.3d 1235, 1246 (10th Cir.), *cert. denied*, 534 U.S. 1068 (2001).

In the present case, petitioner advances no persuasive argument that he was denied a fundamentally fair trial by the state court's determination that the two nurses could testify as expert witnesses.  The state appellate court reviewed and affirmed the trial court's determination, and this court finds no

---

[4]*See* <u>State v. Patton</u>, 120 P.3d 760, 783 (Kan. 2005)("The admissibility of expert testimony is subject to K.S.A. 60-456(b), but the <u>Frye</u> test acts as a qualification to the K.S.A. 60-456(b) statutory standard.  *Frye* is applied in circumstances where a new or experimental scientific technique is employed by an expert witness.  <u>Frye</u> requires that before expert scientific opinion may be received into evidence, the basis of the opinion must be shown to be generally accepted as reliable within the expert's particular scientific field.").

reason to disturb this state evidentiary ruling.  Habeas corpus relief on this claim is thus denied because petitioner has not demonstrated the challenged state court determination was contrary to, or involved an unreasonable application of, clearly established federal law.

*Ineffective Assistance of Counsel*

To establish a constitutional claim of ineffective assistance of counsel, petitioner must satisfy the two prong standard in Strickland v. Washington, 466 U.S. 668 (1984), which requires: (1) a showing that counsel committed errors so serious that the defendant did not receive the counsel guaranteed by the Sixth Amendment, and (2) a showing that counsel's performance was so deficient that the defendant did not receive a fair trial. Petitioner bears the burden of establishing both standards, and there is a presumption that the attorney's conduct comes within "the wide range of reasonable professional assistance." Id. at 689.

Given the Kansas Court of Appeals' decision regarding the admissibility of opinion testimony by Nurses Rosenberg and Schunn, petitioner identifies no deficient performance or likelihood of prejudice that resulted from trial counsel's failure to object to Nurse Flowers' testimony.[5]  Petitioner provides no clear and convincing evidence to rebut the

---

[5]*See* Pierre v. Shulsen, 802 F.2d 1282, 1283 (10th Cir. 1986)(procedural default not excused where no prejudice resulted from loss of meritless claim), *cert. denied*, 481 U.S. 1033 (1987).

presumption of correctness afforded the jury's factual determinations, and the evidence viewed in the light most favorable to the prosecution was clearly sufficient for a rational fact finder to find the essential elements of petitioner's convictions.[6]   No deficient performance by petitioner's appellate counsel is demonstrated by appellate counsel's failure to raise a nonmeritorious claim,[7] and petitioner's allegations of defense counsel's failure to secure an independent medical expert, to investigate or summon witnesses, to better advise petitioner whether to testify, and to give a persuasive and accurate closing argument are speculative at best.   There simply is no reasonable probability that but for this alleged error of trial and appellate counsel the result of petitioner's criminal proceeding and appeal would have been different.   Accordingly, the state courts' summary rejection of petitioner's ineffective assistance of counsel claims did not result in a decision that was contrary to, or an unreasonable application of, federal law as interpreted by the United States

_____

[6]See Jackson v. Virginia, 443 U.S. 307 (1979)(in reviewing for sufficiency, both direct and circumstantial evidence is examined in the light most favorable to the state to determine whether a reasonable jury could find the essential elements of the crime beyond a reasonable doubt).

[7]See Smith v. Robbins, 528 U.S. 259, 278 (2000)(right to effective assistance of counsel does not include right to bring a frivolous appeal); Littlejohn v. State, 29 Kan.App.2d 506, 507 (Kan.App.2d 2001)(litigant may not base claim of ineffective assistance of counsel on fact that appellate counsel failed to brief or raise issue on appeal which had not been preserved for review).

Supreme Court in Strickland.

*Procedural Default on Remaining Claims*

"It is well established in Kansas that a 60-1507 motion can not be used as a substitute for a direct appeal involving mere trial errors or as a substitute for a second appeal." Zimmer v. McKune, 87 F.Supp.2d 1153, 1158 (D.Kan. 2000)(*citing cases*). Because the state courts based their summary dismissal of petitioner's remaining claims on this established Kansas rule, federal habeas review of these claims is barred absent a showing of both cause for his procedural default and resulting prejudice, or a showing that a fundamental miscarriage of justice would result if petitioner's claims were not considered. *See* Coleman v. Thompson, 501 U.S. 722, 749 (1991).

In the instant case, petitioner alleges only ineffective assistance of counsel as "cause" for his procedural default. *See* Murray v. Carrier, 477 U.S. 478, 488 (1986)(the denial of constitutional right to effective assistance of counsel can constitute "cause" for a procedural default). However, the court has rejected petitioner's independent allegations of ineffective counsel, and "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." Id. at 486. The court thus finds petitioner has not satisfied the "cause and prejudice" exception for excusing his failure to present his remaining claims to the state courts in a proper manner for full review.

10

To be excused from procedural default on the basis of the fundamental miscarriage of justice exception, petitioner must supplement his constitutional claim with a colorable showing of factual innocence. <u>Kuhlmann v. Wilson</u>, 477 U.S. 436, 454 (1986); <u>Brecheen v. Reynolds</u>, 41 F.3d 1343, 1356 (10th Cir. 1994), *cert. denied*, 515 U.S. 1135 (1995).  The court finds no such showing has been made in this case.

Accordingly, because petitioner demonstrates no exception excusing his procedural default in presenting his remaining claims for state court review, the court finds habeas corpus review of these claims is barred.

Conclusion

The court thus concludes for the reasons stated herein that petitioner is entitled to no relief on his application for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner's motion for summary judgment is denied.

IT IS THEREFORE ORDERED the petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254, and motion for summary judgment, are denied.

**IT IS SO ORDERED.**

DATED:  This 13th day of December 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge